## Stephens v. Stephens.

Nov. 26, 1943.

576

Joe Hobson for appellant.

Claude P. Stephens for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In November, 1940, the Floyd Circuit Court rendered a judgment against appellee, Claude P. Stephens, in favor of appellant, D. C. Stephens, for the sum of $2,702.28, representing one-half of the amount that D. C. Stephens had contributed to a partnership between him and appellee, Claude P. Stephens, in excess of what the latter had put into the firm. The partnership was engaged in drilling oil wells and under its terms each of the two partners were to bear equally the expenses and to share equally in the profits. In February, 1941, appellee, Claude P. Stephens, against whom the judgment had been rendered in favor of appellant, filed this action in the same court to obtain a new trial of the action in which the judgment was rendered against him, on the ground of newly discovered evidence which he claimed would greatly reduce, if not entirely extinguish, the judgment against him. A part of the alleged newly discovered evidence was a check given by appellee to appellant on the Bank Josephine in Prestonsburg for the sum of $490 bearing date December 4, 1937, which plaintiff herein says that he failed to discover until after the trial of the settlement suit, and he alleged as a reason for such failure that the bank had not returned to him all of the checks that he had drawn on it and that he had forgotten that he had issued any such check. But he did not allege that he had applied to the bank for the return of his paid and cancelled checks before the judgment against him was rendered in the case in which he seeks a new trial. Plaintiff furthermore alleged in his petition that since the trial of the settlement action

he had discovered that he could prove by six named persons, "and others whose names he does not now recall, that there was an untrue and exorbitant charge of $1,200, approximately, for labor supposed to be done in pumping the oil well on the James Caldwell tract during the period from June 1, 1938, to December 31, 1938." Defendant, and appellant, in the instant case demurred to the petition which the court sustained as to the testimony of the alleged newly discovered witnesses, but overruled it as to the alleged discovered check for $490. A trial was then had as to that alleged payment and the court adjudged plaintiff entitled to a credit of that entire amount on the judgment that previously had been rendered against him. Defendant, and appellant, has filed the record in this court with a motion for an appeal, which is now sustained.

There is no cross-appeal for a review of the court's action in sustaining the demurrer to the part of the petition referred to, which leaves for our determination only the judgment sustaining plaintiff's right to a credit of $490 on the judgment in favor of defendant in the settlement action.

At the threshold it is perfectly apparent that plaintiff failed to exercise any degree of diligence to produce the check at the trial of the settlement suit. He did state that he went through all the checks that had been returned to him by the bank upon which they were drawn, but he nowhere stated that he made any inquiry of the bank, or made any investigation to discover whether there were other paid checks that had not been returned to him. It is a universal rule that a new trial will not be granted for alleged newly discovered evidence, unless the applicant therefor exercised due diligence to discover the testimony at the time of the trial in which judgment went against him. That proposition is so hoary with age and so well settled as to require no ruling of this, or any court, in its support.

But, if proper diligence had been shown by plaintiff, then our appraisement of the testimony greatly preponderates in favor of the contention of defendant herein that the $490 check was accounted for and plaintiff given the benefit of it in the settlement action. Under the terms of the partnership defendant was exclusively given its management and prosecution. He had in his office a secretary, and his wife acted quite extensively

as his bookkeeper. The $490 check is dated December 4, 1937, but it clearly appears that there was a mistake in the month it was issued and which should have been November 4, 1937. Just following the latter date plaintiff was credited with $240, and it is most convincingly shown that the check upon delivery to defendant herein was collected by his wife and the proceeds returned to defendant's office and plaintiff was paid out of its proceeds $240. It is true that on the book entry there appears to have been a credit first written of $490 which was made by the secretary, but without the knowledge on her part that plaintiff had been paid, or promised and later paid out of the proceeds, the sum of $240. Plaintiff's recollection of that transaction is more or less hazy as it was also about issuing the check for the $490 and there is no other testimony in the case relating thereto except that which we have recited and which, we conclude, preponderates in favor of the contention of defendant that the amount of the check was properly accounted for.

Wherefore, for the reasons stated, the judgment is reversed with directions to set it aside and to dismiss the petition.